**NOT FOR PUBLICATION**

RECEIVED
AUG 1 2 2005
AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTOPHER M. KINLAW, SR., :
:
Plaintiff, :
:
v. :
:
WARDEN BYRON FOSTER, et al., :
:
Defendants. :

Civil No. 05-3408 (GEB)

**O P I N I O N**

**APPEARANCES:**

CHRISTOPHER M. KINLAW, SR., Plaintiff Pro Se
Warren County Correctional Center
175 County Road
Belvidere, New Jersey 07823

**BROWN, JR., DISTRICT JUDGE**

Plaintiff Christopher M. Kinlaw, Jr. ("Kinlaw"), confined at the Warren County Correctional Center in Belvidere, New Jersey ("WCCC"), seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915 (1998). Based upon Plaintiff's affidavit of indigence and prison account statement, this Court will (1) grant Plaintiff's application to proceed in forma pauperis; (2) direct

the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against the Plaintiff; (4) direct the agency having custody of the Plaintiff to deduct an initial partial filing fee payment of $14.12 from Plaintiff's institutional account and forward same to the Clerk of the Court, when funds exist in Plaintiff's account; and (5) direct the agency having custody of the Plaintiff to forward payments from Plaintiff's prison account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(a), (b)(1), (b)(2), (b)(4).

Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A the Court has reviewed the Complaint to identify cognizable claims. The Court will permit Plaintiff's claim of an institutional policy or procedure violating his constitutional rights with respect to his incoming legal main, and dismiss the remainder of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] seeking injunctive relief and damages for alleged violations of rights secured by the Constitution and laws of the United States. Defendants are Byron Foster, Warden of WCCC; Captain Robert Brothers, in charge of operations at WCCC; Sergeant Robert Ackerman, head of mailroom operations at WCCC; and the Warren County Correctional Center Administration (Compl., Caption and ¶ 4.)

Plaintiff assets the following facts:

> I have received privileged or legal correspondence for quite some time now and handled the same as non privileged or non legal correspondence. I've exhausted my remedies by addressing this issue with the officers and superiors (Warden, Captain, Sgt.) In reference to the incoming mail issue, particularly [that] stamped by the Courts "OPEN IN THE PRESENCE OF INMATE" OR Attorney-Client Privilege between inmate and counsel. On 6/16/05, I'd submitted a letter of request slip to Capt. Brothers concerning this matter in which I have enclosed with my 42 U.S.C. § 1983 forms. I've addressed the Civil Rights Director Gary LoCassio

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

> and forwarded him a letter of request slip in which he advised me to contact the County Prosecutor's Office. Warden Foster passes his request slips to Capt. Brothers to handle. Sgt. Ackerman totally disregards the situation by refusing to reply. I informed my attorney on several occasions but he particularly doesn't care about it... [Compl., ¶ 6.]

Plaintiff seeks injunctive relief and damages. (Id., ¶ 7.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner seeks redress against a governmental entity or employee. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual

allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v.

Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot

be predicated solely on the operation of <u>respondeat</u> <u>superior</u>." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing <u>Parratt</u>, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. <u>Friedland v. Fauver</u>, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing <u>Baker v. Monroe Tp.</u>, 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). The Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B. <u>Interference with Mail</u>

Plaintiff has a constitutional right to send outgoing correspondence, subject to reasonable prison regulations. <u>See</u> <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 411 (1989); <u>Castle v. Clymer</u>, 15 F.Supp. 2d 640, 662 (E.D.Pa. 1998). Prison regulations and the actions of prison officials respecting incoming mail survive constitutional scrutiny if reasonably related to legitimate penological interests. <u>Thornburgh</u>, 490 U.S. at 409, 413 (citing <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987)). Construing the opening of Plaintiff's legal mail outside his presence to violate Plaintiff's constitutional right to access to the courts, Plaintiff lacks standing to raise an access to courts claim unless he can show that he actually was injured by a Defendant or

Defendants' interference with his access to the courts. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(prisoner asserting interference with his legal mail must show actual injury under Lewis v. Casey).

Plaintiff has not set forth facts sufficient to permit the inference that the alleged violations of his right to access the courts hindered his ability to pursue a legal action, prejudiced his prosecution of any case, or otherwise actually injured him in any way. See Lewis, 518 U.S. at 351. Because Plaintiff has not shown such actual injury as a result of the alleged violations of his right of access to the courts, this claim will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff's assertions also may be construed to present a due process claim with respect to any failure to respect his privacy rights in his legal and personal mail. The Due Process Clause applies when government action deprives a person of liberty or property. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Liberty interests protected by the Due Process Clause may arise from the Due Process Clause itself or from the laws of the states. Sandin v. Connor, 515 U.S. 472, 483-84 (1995); Hewitt v. Helms, 459 U.S. 460, 466-67 and n. 4 (1983). "As long as the conditions or

degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (19760; Vitek v. Jones, 445 U.S. 480, 493 (1980). See also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (no liberty interest arising by force of the Due process Clause itself in participating in rehabilitative programs);, Meachum v. Fano, 427 U.S. 215, 223-25 (1976) (no liberty interest in retaining minimum custody status), or , Greenholtz, 442 U.S. at 7 (no liberty interest in early parole release).

A state may also create a liberty interest that is protected by due process. Sandin, 515 U.S. at 483-84; Greenholtz, 442 U.S. at 8-12. Under Sandin, a state-created liberty interest is limited to situations where deprivation of that interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; see also Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997). No such atypical imposition appears with respect to security concerns underlying the mail procedures in this case. As Plaintiff has no constitutionally protectable interest arising from the Due Process Clause itself or from New Jersey law, this claim will be dismissed pursuant

9

to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

However, the Court notes that institutional regulations impinging on an inmate's First Amendment rights are valid if "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). The United States Supreme Court has articulated a four factor test for determining whether a prison regulation violates First Amendment rights.  When factually relevant, courts must consider (1) whether the regulation has a logical connection to the legitimate government interest invoked to justify it; (2) whether there are alternative means of exercising the rights that remain open to the inmates; (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at de minimis costs to valid penological interests. Turner, 482 U.S. at 89-90; see also Johnson v. Horn, 150 F.3d 276, 282 (3d Cir. 1998) (citing Cooper v. Tard, 855 F.2d 125, 129 (3d Cir. 1988)).[2]  As

---

[2] Legal mail must be treated more cautiously than non legal main; nevertheless, procedures for inspecting it may be instituted.  See Wolff v. McDonald, 418 U.S. 539, 576-77 (1974); Hamilton v. Messick, 2005 WL 736684 (D. Del. March 31, 2005).

Plaintiff appears to allege that application of an institutional mail policy is unrelated to any legitimate penal interest, this claim will be allowed to proceed to determine the application of the Turner standard to this case.[3]

### III. CONCLUSION

Based on the foregoing, the Court will dismiss the Plaintiff's access to courts clam and any claim asserted pursuant to a liberty interest, and permit Plaintiff's claim with respect to his incoming legal mail to proceed at this time pending further factual development with respect to the standard announced in Turner v. Safley, supra.

An appropriate Order accompanies this Opinion.

GARRETT E. BROWN, JR.
UNITED STATES DISTRICT JUDGE

DATED August 11, 2005

---

[3] The Court notes that the Warren County Correctional Center/Administration is not a "person" subject to suit under § 1983. See Marsden v. Federal BOP, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under § 1983); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-894 (E.D.Va. 1992) (local jail not a "person" under § 1983); Graybow v. Southern State Correctional Facility, 726 F.Supp. 537 (D.N.J. 1989) (correctional institution and state correctional department not "persons" under § 1983); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) (city jail not a "person" amenable to suit under § 1983). The Complaint will be dismissed as against this Defendant.