NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| CHRISTOPHER M. KINLAW, SR., | : | |
| | : | Civ. No. 05-3408 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| BYRON FOSTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon *pro se* plaintiff Christopher M. Kinlaw's ("Plaintiff") appeal of the Magistrate Judge's decision and the motion of defendants Byron Foster, Robert Brothers, and Robert Ackerman (collectively referred to as "Defendants") for summary judgment of Plaintiff's Amended Complaint. The Court decided the motions based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's appeal of the Magistrate Judge's decision is denied and Defendants' motion for summary judgment is granted.

**I. BACKGROUND**

On or about July 5, 2005, Plaintiff filed his Complaint alleging claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights by Warden Foster, Captain Brothers, Sgt. Ackerman, and the Warren County Correctional Center ("WCCC") during Plaintiff's confinement at WCCC. On August 11, 2005, the Court entered an Order, *inter alia*,

dismissing the Complaint in its entirety as against WCCC, and dismissing the claims regarding access to courts and implicating a liberty interest against Defendants, but allowing the claim alleging violation of his First Amendment rights by the institutional mail policy to proceed against Defendants.

On or about December 19, 2005, Plaintiff submitted an application for pro bono counsel, which Defendants opposed. On or about January 12, 2006, Plaintiff submitted a letter with attachments making additional requests which the Court, by Order dated February 14, 2006, construed as an Amended Complaint. On or about March 31, 2006, Magistrate Judge Hughes entered an Order denying Plaintiff's application for pro bono counsel. On or about April 25, 2006, Plaintiff filed his appeal of Magistrate Judge Hughes' March 31, 2006 Order. On or about May 16, 2006, Defendants filed their motion for summary judgment of Plaintiff's Amended Complaint.

**II. DISCUSSION**

    A.  <u>Standard of Review for Appeals from Orders of Magistrate Judges</u>

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); <u>see</u> <u>also</u> FED. R. CIV. P. 72(a); L. CIV. R. 72.1(c)(1); <u>see</u> <u>also</u> <u>Cipollone v. Liggett Group, Inc.</u>, 785 F.2d 1108, 1113 (3d Cir. 1986), <u>cert.</u> <u>denied</u>, 484 U.S. 976 (1987); <u>Lithuanian Commerce Corp. v. Sara Lee Hosiery</u>, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Lo Bosco v. Kure Eng'g Ltd.</u>, 891 F. Supp. 1035, 1037 (D.N.J.

1995)(quoting United States v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948)). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994). The court, however, will review a magistrate judge's legal conclusions under *de novo* review. Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 3069 (2d ed. 1997)("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. Cooper Hosp., 183 F.R.D. at 127 (quoting Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir.1995)).

    B.  Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax

Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided

evidence to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Rules supplement the Federal Rules and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine

issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' L. Civ. R. 56.1 statements cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

  C. <u>The Magistrate Judge's Order was not Clearly Erroneous nor Contrary to Law</u>

Plaintiff's appeal of the Magistrate Judge's March 31, 2006 Order denying his application for pro bono counsel states that due to the complexity of the case, he believes he needs counsel appointed. Plaintiff did not specifically contest any finding by the Magistrate Judge nor present any new evidence for the Court's consideration. However, the Magistrate Judge's conclusions of law on Plaintiff's application are reviewed *de novo*.

The Magistrate Judge properly analyzed Plaintiff's application under the standard and factors for the appointment of pro bono counsel set forth in <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), and therefore the Order was not clearly erroneous nor contrary to law. Furthermore, based upon the evidence present in the record, this Court similarly concludes that pro bono counsel is not warranted in this case. Consequently, Plaintiff's appeal is denied and the Magistrate Judge's March 31, 2006 Order is affirmed.

  D. <u>Plaintiff Failed to Exhaust His Administrative Remedies Before Filing This Action</u>

Defendants first request dismissal of this case due to Plaintiff's failure to exhaust his administrative remedies in the prison before filing the instant action, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). The PLRA states, in pertinent part:

6

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The statute had been amended from its initial language, and the Supreme Court commented that

> [t]he current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by [Section] 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only [Section] 1983 suits, exhaustion is now required for all "action[s] . . . brought with respect to prison conditions," whether under [Section] 1983 or "any other Federal law."
>
> * * *
>
> Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might "filter out some frivolous claims." And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002)(internal citations omitted).

Defendants assert in their brief and Rule 56.1 statement that the Disciplinary Rulebook issued by the WCCC sets forth the grievance procedure for inmates to follow. (Certification of

Byron Foster at ¶ 14; Defs.' Br. at 12-14.)  The Rulebook contains both an informal and formal grievance process.  (See Certification of Byron Foster at Exhibit C.)  Under the formal grievance process, inmates must first file their grievance with the Shift Commander or Private Vendor Department Head, and if the official is unable to resolve the grievance there, the grievance must be referred to the Warden.  (See id.)  Thereafter, if the inmate is not satisfied with the Warden's remedy, the inmate must then appeal to Warren County's County Counsel. (See id.)  Only after exhausting these internal remedies are inmates to file actions with state or federal courts.  (See id.)  Defendants assert that Plaintiff received a copy of the Disciplinary Rulebook and submitted an exhibit in support of that assertion.  (See  Defs.' R. 56.1 Statement at ¶ 20; Certification of Byron Foster at Exhibit D.)  Although the exhibit does not appear to support Defendants' assertion, there is nothing to suggest that Plaintiff did not receive a copy of the Disciplinary Rulebook notifying him of the grievance process.

     On or about July 5, 2005, Plaintiff filed his Complaint with this Court.  Defendants assert that on June 16, 2005, Plaintiff first sent a letter to Captain Brothers asserting that his privileged and legal mail was to be opened in front of him.  (Defs.' R. 56.1 Statement at ¶ 19.)  Defendants then assert that on August 1, 2005, Plaintiff wrote to Devon Brown, the Commissioner of the Department of Corrections, complaining that the WCCC was not adhering to the Corrections Code in opening his privileged mail outside of his presence.  (Defs.' R. 56.1 Statement at ¶ 20.)

     Plaintiff filed no opposition to Defendants' motion, despite the certificate of service indicating that Plaintiff should have received a copy of Defendants motion and therefore had the opportunity to respond.  Furthermore, there is otherwise nothing in the record that conflicts with Defendants' assertion that Plaintiff did not exhaust his administrative remedies.  Consequently,

the PLRA bars Plaintiff's claims and the Amended Complaint will be dismissed.  The Court need not consider Defendants' other bases for summary judgment.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's appeal of the Magistrate Judge's March 31, 2006 Order is denied and the Order is affirmed.  Additionally, Defendants' motion for summary judgment is granted and the Amended Complaint is dismissed.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: June 29, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.